UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JUICE & JAVA, INC.,
a Florida corporation,

              Plaintiff,

vs.

ZINOVY VAYZMAN, an
individual, and JUICE & JAVA
BOCA, LLC, a Florida limited
liability company,

              Defendant.

_____/

## COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, FALSE DESIGNATION OF ORIGIN AND DECEPTIVE AND UNFAIR TRADE PRACTICES

Plaintiff, Juice & Java, Inc., a Florida corporation ("Juice & Java" or "Plaintiff"), sues Defendants, Zinovy Vayzman ("Vayzman") and Juice & Java Boca, LLC, a Florida limited liability company ("Juice & Java Boca"), and states as follows:

NATURE AND BASIS OF ACTION

1.   This is an action by Plaintiff, Juice & Java against Defendants, Vayzman and Juice & Java Boca for trademark infringement, trademark dilution, false designation or origin, Deceptive and Unfair Trade Practices, and Breach of Contract.   Plaintiff, Juice & Java seeks injunctive relief and damages in excess of $75,000.00.

<u>THE PARTIES</u>

2.   Plaintiff, Juice & Java, Inc. is a corporation, organized and existing under the laws of the State of Florida, having its principal place of business at 20335 Biscayne Boulevard, Unit L26, Aventura, Florida   33180.

3.   Defendant, Zinovy Vayzmen is a resident and citizen of Florida, is over the age of eighteen (18) years, and is otherwise sui juris.

4.   Defendant, Juice & Java Boca, LLC is a limited liability company, organized and existing under the laws of the State of Florida, having its principal place of business at 21316 St. Andrews Boulevard, Bay 160, Boca Raton, Florida   33433.

<u>JURISDICTION AND VENUE</u>

5.   This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. 1331 and 1338 and 15 U.S.C. 1121.   This Court has supplemental jurisdiction pursuant to 28 U.S.C. 1267 of Plaintiff's claims arising under the laws of the State of Florida.

6.   This Court has personal jurisdiction over Defendant, Vayzman based upon federal question, and over Juice & Java Boca based on federal question and because Defendant, Juice & Java Boca is registered to do business in the State of Florida as a Florida limited liability company, continues to do business in the State of Florida, and because the actions alleged in this Complaint occurred in and/or caused injury to Plaintiff in the State of Florida.

7.   Venue is proper in this District pursuant to 28 U.S.C. 1391 because the facts giving rise to the acts or omissions alleged herein took place in this District and/or because Defendants, Juice & Java Boca and Vayzman are subject to personal jurisdiction in this District.

FACTUAL ALLEGATIONS

8.   Plaintiff, Juice & Java adopted the mark, "Juice & Java" (hereinafter, the "First Mark") and used it in interstate commerce in or about 2002.   On June 21, 2007, Alex Sverdlov and Dina Sverdlov filed an application of the Word Mark, "Juice & Java" and a design plus words, letters and/or numbers in the United States Patent and Trademark Office ("USPTO").

9.   On August 26, 2008, the Mark, "Juice & Java" and the associated design and Service Mark was registered in the USPTO on the principal register under the Lanham Act, Registration No. 3491284, covering the use of said mark and design with respect to restaurants.

10.   Plaintiff, Juice & Java adopted the mark, "Juice & Java Natural Food" (hereinafter, the "Second Mark") and used it in interstate commerce in or about 2011.   On July 12, 2013, Plaintiff, Juice & Java, filed an application of the Word Mark, "Juice & Java Natural Food" and a design plus words, letters and/or numbers in the United States Patent and Trademark Office ("USPTO").   The Second Mark is applicable to "Restaurant services, including sit-down service of food and take-out restaurant services; Restaurant services, namely, providing of food and beverages for consumption on and off the premises; Restaurants featuring home delivery; all of the aforementioned restaurant services featuring foods and/or drinks made in whole or substantial part of natural ingredients."   The application for the Second Mark remains pending.

11.   Plaintiff, Juice & Java is the owner of the First Mark and Second Mark (hereinafter sometimes collectively referred to as the "Marks"), along with the goodwill symbolized by the Marks.   A true and correct copy of the registration documents related to the Marks (hereinafter collectively, the "Registrations") described herein is attached hereto as Composite Exhibit "A".

12.   The Registration of the First Mark is valid and subsisting, and the Registration of the Second Mark is pending.   The Registrations attached hereto are *prima facie* evidence of the

validity of the Registrations, the Plaintiff's ownership of the Marks, and the Plaintiff's exclusive right to use the Marks in commerce in connection with the goods and services specified in the Registrations under the provisions of 15 U.S.C. 1057(b), and provide constructive notice of the Plaintiff's claim of ownership under 15 U.S.C. 1072.

13.    The Marks, and variants thereof, have been extensively and continually advertised and promoted by Plaintiff, Juice & Java within the United States and worldwide.   A substantial amount of time, effort, and money has been expended in developing the goodwill and use of the Marks, including offering the Marks to the public as a franchise and/or license.

14.    On or about October 20, 2006, Plaintiff, Juice & Java entered into a written agreement with Defendant, Vayzman regarding use of the Juice & Java trade name, the Marks, and the proprietary system developed and owned by Plaintiff, Juice & Java (the "Agreement").   A true and correct copy of the written Agreement is attached hereto as Exhibit "B".

15.    Upon entry into the Agreement, Defendant, Vayzman opened and became the owner of a restaurant having the name, "Juice & Java Cafe" located at 21316 St. Andrews Boulevard, Bay 160, Boca Raton, Florida   33433 (the "Restaurant").   Juice & Java Cafe is a full service restaurant serving health food and beverages featuring foods and/or drinks made in whole or substantial part of natural ingredients.   Juice & Java Café uses the following characteristics of the Marks in its restaurant and advertising:   the apple symbol, the color white, light green, and dark green, the white background with a large circle, the image of an apple having similar colors to the Marks with two light green leaves, and the words "Juice & Java".

16.    On information and belief, Defendant, Vayzman sold all right, title and interest in the Agreement and in the Restaurant to Defendant, Juice & Java Boca.   Defendant, Juice & Java Boca, by its actions, assumed all obligations under the Agreement, and continued to operate a full

service restaurant serving health food and beverages featuring foods and/or drinks made in whole or substantial part of natural ingredients, including use of the name "Juice & Java" and the Marks. Defendant, Vayzman failed to comply with the provisions of Paragraph eight (8) of the Agreement (Transfer) and has not been released by Plaintiff from any obligations under the terms of the Agreement.

17.   Defendants, Juice & Java Boca and Vayzman, without the authorization or consent of Plaintiff, Juice & Java, have advertised, marketed, offered for sale, sold products or services, and operated its Restaurant and business in or affecting interstate commerce, using the Marks, to the consuming public in direct competition with and in violation of the rights of Plaintiff, Juice & Java.

18.   Defendant, Juice & Java Boca's use of the Marks is likely to cause, and is causing, confusion, mistake and deception among the public.

19.   On October 9, 2013, Plaintiff, Juice & Java delivered written notice of Defendant's violation and infringement to Defendant, Juice & Java Boca and to Vayzman.   A true and correct copy of the written notices are attached hereto as Composite Exhibit "C".

## COUNT I
## (Trademark Infringement under 15 U.S.C. 1114)

Plaintiff, Juice & Java realleges and reasserts the allegations of Paragraphs 1 through 19 above, and further states as follows:

20.   The Marks and the goodwill of Plaintiff's business associated with the Marks in the United States and throughout the world are of great and incalculable value, are highly distinctive and are associated in the mind of the public with the products and services of the Plaintiff, Juice & Java.

21.   Notwithstanding the delivery of notice, Defendants, Juice & Java Boca and Vayzman have unlawfully continued operating and using the Marks in violation of Plaintiff's rights, and are therefore doing so with notice and full knowledge that such use was not authorized or licensed by Plaintiff, Juice & Java.

22.   Defendants, Juice & Java Boca and Vayzman have used and continue to willfully use the Marks with the intent to confuse, mislead, and/or deceive customers, patrons, purchasers and members of the general public as to the origin, source, sponsorship or affiliation of Plaintiff's products or services, affects interstate commerce under the Marks, and with the intent to trade on Plaintiff's reputation and goodwill.

23.   As a direct and proximate result of Defendants, Vayzman and Juice & Java Boca's conduct, Plaintiff, Juice & Java have suffered damage to its valuable Marks, and other damages in an amount which exceed $75,000.00.

24.   Plaintiff, Juice & Java does not have an adequate remedy at law, and will continue to be damaged by Defendants' actions unless this Court enjoins Defendant, Juice & Java Boca and/or Vayzman from such business practices.

## COUNT II
## (Trademark Dilution under 15 U.S.C. 1125(c))

Plaintiff, JUICE & JAVA realleges and reasserts the allegations of Paragraphs 1 through 19 above, and further states as follows:

25.   The Marks owned by Plaintiff, Juice & Java are famous in the South Florida community within the meaning of 43(c) of the Lanham Act, 15 U.S.C. 1125(c)(1) and were famous prior to Defendant's conduct as alleged herein.

26.   Defendants, Vayzman and Juice & Java Boca's advertising, sale and offer for sale of products and services in interstate commerce under the Marks dilutes the distinctive quality of the Marks, and was done with the willful intent to trade on Plaintiff's reputation and/or to cause dilution of its Marks.

27.   Defendants' unauthorized use of the Marks on or in connection with its restaurant, products and services was done with notice and full knowledge that such use was not authorized or licensed by Plaintiff, Juice & Java.

28.   Defendants, Vayzman and Juice & Java Boca's actions are in knowing and willful violation of Plaintiff's rights under section 43(c) of the Lanham Act, 15 U.S.C. 1125(c).

29.   As a direct and proximate result of Defendants' conduct, Plaintiff, Juice & Java has suffered damage to its valuable Marks, and other damages in an amount which exceed $75,000.00.

30.   Plaintiff, Juice & Java does not have an adequate remedy at law, and will continue to be damaged by Defendants' actions unless this Court enjoins Defendants, Vayzman and Juice & Java Boca from such business practices.

## COUNT III
## (False Designation of Origin under 15 U.S.C. 1125(a))

Plaintiff, JUICE & JAVA realleges and reasserts the allegations of Paragraphs 1 through 19 above, and further states as follows:

31.   Plaintiff, Juice & Java is the sole owner of the Marks.   The Marks are arbitrary, fanciful and suggestive, and symbolizes the reputation for quality and excellence of Plaintiff's products and services, and Plaintiff has built up and owns valuable goodwill which is symbolized by the Marks.

32.   Defendants, Juice & Java Boca's and/or Vayzman's use of the Marks constitutes false designation of the origin and/or sponsorship of Plaintiff, Juice & Java's products or services in violation of Section 43(a) of the Lanham Act.

33.   Defendants' unauthorized use of the Marks as alleged herein, are likely to confuse, mislead and/or deceive customers, purchasers, franchisees and members of the general public as to the origin, source, sponsorship, or affiliation of Plaintiff's products or services, including as to initial interest confusion, and is likely to cause such people to believe in error that Defendants' products or services have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, Juice & Java, or that Defendants, Vayzman and Juice & Java Boca are in some way affiliated with Plaintiff, Juice & Java.

34.   Defendants, Vayzman and Juice & Java Boca's unauthorized use of the Marks on or in connection with its restaurant, products and services were done with notice and full knowledge that such use was not authorized or licensed by Plaintiff, Juice & Java.   Defendants, Juice & Java Boca and/or Vayzman have used and continue to willfully use the Marks with the intent to confuse, mislead and/or deceive customers, purchasers, franchisees and members of the general public as to the origin, source, sponsorship, or affiliation of Plaintiff's products or services, and with the intent to trade on Plaintiff's reputation and goodwill.

35.   As a direct and proximate result of Defendants' conduct, Plaintiff, Juice & Java has suffered damage to its valuable Marks, and other damages in an amount which exceed $75,000.00.

36.   Plaintiff, Juice & Java does not have an adequate remedy at law, and will continue to be damaged by Defendants' actions unless this Court enjoins Defendant, Juice & Java Boca and Vayzman from such business practices.

## COUNT IV
### (Trademark Dilution pursuant to Florida Statute 495.151, *et seq*.)

Plaintiff, JUICE & JAVA realleges and reasserts the allegations of Paragraphs 1 through 19 above, and further states as follows:

37.   Plaintiff, Juice & Java is the sole owner of the Marks.   Plaintiff, Juice & Java has used and continues to use the Marks in commerce, including in Florida and interstate commerce.

38.   Defendants, Vayzman and Juice & Java Boca's actions as described above have caused and will continue to cause injury to Plaintiff's business reputation and/or dilution of the distinctive quality of the Marks as defined in Florida Statute 495.151.

39.   As a direct and proximate result of Defendants' conduct, Plaintiff, Juice & Java has suffered damage to its valuable Marks, and other damages in an amount which exceed $75,000.00.

40.   Plaintiff, Juice & Java does not have an adequate remedy at law, and will continue to be damaged by Defendants' actions unless this Court enjoins Defendants, Juice & Java Boca and/or Vayzman from such business practices.

## COUNT V
### (Deceptive and Unfair Trade Practices pursuant to Florida Statute 501.201, *et seq*.)

Plaintiff, JUICE & JAVA realleges and reasserts the allegations of Paragraphs 1 through 19 above, and further states as follows:

41.   Defendants, Vayzman and Juice & Java Boca's actions as described above constitute deceptive and unfair trade practices as defined in Florida Statute 501.203(3)(a)-(c).

42.   Plaintiff, Juice & Java does not have an adequate remedy at law, and will continue to be damaged by Defendants' actions unless the Court enjoins the Defendants from such business practices.

43.   Plaintiff, Juice & Java is entitled to recover its attorneys' fees and costs pursuant to Florida Statute 501.2105.

**COUNT VI**
**(Common Law Trademark Infringement)**

Plaintiff, JUICE & JAVA realleges and reasserts the allegations of Paragraphs 1 through 19 above, and further states as follows:

44.   Defendants, Vayzman and Juice & Java Boca's conduct as described above constitutes trademark infringement and passing off in violation of the common law of the State of Florida.

45.   Defendants, Vayzman and Juice & Java Boca's acts of trademark infringement constitute intentional misconduct and/or gross negligence within the meaning of Florida Statute 768.72(2)(a)-(b), entitling Plaintiff, Juice & Java to both compensatory damages in an amount exceeding $75,000.00 and punitive damages under common law and Florida Statute 768.72.

46.   As a direct and proximate result of Defendants' conduct, Plaintiff, Juice & Java has suffered damage to its valuable Marks, and other damages in an amount which exceed $75,000.00.

47.   Plaintiff, Juice & Java does not have an adequate remedy at law, and will continue to be damaged by Defendants' actions unless this Court enjoins Defendants from such business practices.

## PRAYER FOR RELIEF AS TO COUNTS I THROUGH VI

WHEREFORE, Plaintiff, Juice & Java respectfully requests this Court to enter judgment against Defendants, Juice & Java Boca and Vayzman, jointly and severally, for the following relief:

1. A temporary, preliminary, and permanent injunction preventing Defendant, Juice & Java Boca and Vayzman from further engaging in the unlawful conduct described in this Complaint, including but not limited to the following:

   a. Cease using the words, "Juice & Java" and the Marks in its restaurant, its signs, menus, napkins, websites, advertisements, uniforms, internet advertisements and/or any other use in any way associated with a restaurant for consumption of food and beverages on and/or off the restaurant premises, take-out restaurant, and home delivery of food.

   b. Remove the Marks from all uniforms, signs, banners, advertisements, flyers and other print and digital advertisements from its restaurant, website and any other location associated with its restaurant.

   c. Issue a press release stating that it is ceasing all use of the Marks containing the words, "Juice & Java" as associated with its restaurant and any other associated place of business.

   d. Cease any new order of packaging or printing of menus, manuals, boxes, advertisements, uniforms, websites or software using the Marks and/or the words, "Juice & Java" in connection with the Marks.

2. For actual damages in an amount greater than $75,000.00, such amount to be trebled pursuant to 15 U.S.C. 1117(a).

3. For an accounting, disgorgement and restitution by Defendant, Juice & Java Boca and Vayzman to Plaintiff, Juice & Java for all amounts derived by Juice & Java Boca from its unlawful conduct, such amount to be trebled pursuant to 15 U.S.C. 1117(a).

4. For punitive damages.

5. For prejudgment interest.

6. For attorneys' fees and costs incurred by Plaintiff, Juice & Java in connection with this action; and

7. For such other relief as this Court may deem just and proper

## COUNT VII
### (Breach of Contract against ZINOVY VAYZMAN)

Plaintiff reaffirms and realleges paragraphs 1 through 19 above and further states as follows:

48.     Defendant, Vayzman breached the written agreement attached as Exhibit "B" in the following manner:

      a.   Failing to pay the Royalty Fee and other sums due pursuant to the Agreement.

      b.   Improperly transferring his interest in the Agreement.

      c.   Improperly, and without Plaintiff's consent or authority, operating the Restaurant using the Marks in its signs, menus, napkins, websites, advertisements, uniforms, internet advertisements and other promotional items, in violation of Plaintiff's rights and in violation of the Agreement.

49.     Plaintiff, Juice & Java has fully performed pursuant to the terms of the Agreement and all conditions precedents have been performed or waived.

50.     As a direct and proximate result of the breach by Defendant, Vayzman as described herein, Plaintiff, Juice & Java has been damaged.

51.     Plaintiff, Juice & Java has retained the undersigned attorneys to represent it in this action and has agreed to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff, Juice & Java requests this Court to enter judgment against Defendant, Vayzman for damages, together with interest, court costs, reasonable attorneys' fees, and for such other relief as this Court deems just and proper.

Dated: _____6/5/14_____

SMOLER & ASSOCIATES, P.A.
Attorneys for Plaintiff, Juice & Java
2611 Hollywood Boulevard
Hollywood, Florida  33020
Telephone:  (954) 922-2811
Facsimile:  (954) 922-2841
Email:  bruce@smolerpa.com

By:_____
Bruce J. Smoler, Esq.
Florida Bar No.  821918
Patrick Patrissi, Esq.
Florida Bar No.  302996

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, Juice & Java

demands a trial by jury of all issues triable which are raised by this Complaint.

SMOLER & ASSOCIATES, P.A.
Attorneys for Plaintiff, Juice & Java
2611 Hollywood Boulevard
Hollywood, Florida  33020
Telephone:  (954) 922-2811
Facsimile:  (954) 922-2841
Email:  bruce@smolerpa.com

By: _____
    Bruce J. Smoler, Esq.
    Florida Bar No.  821918
    Patrick Patrissi, Esq.
    Florida Bar No.  302996

Exhibit "A"



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Feb 11 03:21:06 EST 2014*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout | Please logout when you are done to release system resources allocated for you.

Start | List At:     OR | Jump | to record:    **Record 1 out of 22**

TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | **JUICE & JAVA** NATURAL FOOD |
| **Goods and Services** | IC 043. US 100 101. G & S: Restaurant services; Restaurant services, including sit-down service of food and take-out restaurant services; Restaurant services, namely, providing of food and beverages for consumption on and off the premises; Restaurants featuring home delivery; all the aforementioned restaurant services featuring foods and/or drinks made in whole or substantial part of natural ingredients. FIRST USE: 20111001. FIRST USE IN COMMERCE: 20111101 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 05.09.05 - Apples<br>26.01.02 - Circles, plain single line; Plain single line circles |
| **Serial Number** | 86009299 |
| **Filing Date** | July 12, 2013 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) Juice & Java, Inc. CORPORATION FLORIDA 20335 BISCAYNE BLVD #L26 aventura FLORIDA 33180 |
| **Attorney of Record** | Salomon V. Bagdadi |
| **Prior Registrations** | 3491284 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "JUICE & JAVA NATURAL FOOD" APART FROM THE MARK AS SHOWN |

| | |
|---|---|
| **Description of Mark** | The color(s) white, light green, dark green, and burgundy is/are claimed as a feature of the mark. The mark consists of a white background with a large circle composed of two colors the outer border being dark green and the inner border being light green. Inside the center of the circle appears an image of an apple that is composed of a light green curved shape with a dark green curved shape joined together below two light green leaves. Below in the center the words "JUICE & JAVA" appear in a large font with lower case letters in the color burgundy. Below the words "JUICE & JAVA" and left of center, the words "NATURAL FOOD" appear in a small font with lower case letters in the color light green. |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

|.HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Trademark Electronic Search System (TESS)                                                      Page 1 of 2



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Feb 11 03:21:06 EST 2014*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:            OR   Jump   to record:          **Record 12 out of 22**

TSDR   ASSIGN Status   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | JUICE & JAVA |
| **Goods and Services** | IC 043. US 100 101. G & S: Restaurant services. FIRST USE: 20020516. FIRST USE IN COMMERCE: 20020900 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 05.09.05 - Apples |
| **Trademark Search Facility Classification Code** | NOTATION-SYMBOLS Notation Symbols such as Non-Latin characters, punctuation and mathematical signs, zodiac signs, prescription marks<br>SHAPES-COLORS-2 Design listing or lined for two colors<br>VEG Plant life such as trees, flowers, fruits, grains, nuts, wreaths, and leaves |
| **Serial Number** | 77211499 |
| **Filing Date** | June 21, 2007 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | May 6, 2008 |
| **Registration Number** | 3491284 |
| **Registration Date** | August 26, 2008 |
| **Owner** | (REGISTRANT) Dina Sverdlov INDIVIDUAL UNITED STATES 1467 Mariner Way Hollywood |

FLORIDA 33019

(REGISTRANT) Alex Sverdlov INDIVIDUAL UNITED STATES 1467 Mariner Way Hollywood FLORIDA 33019

| | |
|---|---|
| **Attorney of Record** | John C Hamlin |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "JUICE & JAVA" APART FROM THE MARK AS SHOWN |
| **Description of Mark** | The color(s) The applicant claims color as a feature of the mark, namely, green and maroon. is/are claimed as a feature of the mark. The mark consists of the words "JUICE & JAVA" in maroon superimposed over a green apple. |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME  NEW USER  STRUCTURED  FREE FORM  BROWSE DICT  SEARCH OG  TOP  HELP  PREV LIST  CURR LIST  NEXT LIST  FIRST DOC  PREV DOC  NEXT DOC  LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Exhibit "B"

## _OPERATOR'S AGREEMENT_

This Agreement (the "Agreement") is made and entered into this __20th__ day of October, 2006, by and between Juice & Java, Inc., a Florida corporation, with its principal business address at 20335 Biscayne Blvd., #L26, Aventura, Florida 33180 (hereinafter referred to "Juice & Java"), and Zinovy Vayzman, whose principal address is 2501 S. Ocean Drive, #1130, Hollywood, Florida 33019 (referred to in this Agreement as "Operator").

1. DEFINITION OF "PRINCIPAL": Including but not limited to spouse, children, directors, shareholders, managers, and employees.

2. DEFINITION OF "SYSTEM": A unique, proprietary system developed and owned by Juice & Java (which may be modified or further developed from time to time at Juice & Java's sole discretion) for the establishment and operation of Location(s) under the Juice & Java trade name, which includes, a distinctive image consisting of exterior and interior design, logo, decor, color scheme and furnishings, special recipes, menu, employee uniform, standards, products, services and specifications, procedures with respect to operations and inventory and management control, training and assistance.

3. DEFINITION OF "CONFIDENTIAL INFORMATION": The System, directives, equipment, recipes, instructions, specifications, methods and procedures for the operation of the Location including (I) those relating to the selection, purchase, service and sale of all products being sold at the Location, (ii) those relating to the equipment, signs, interior and exterior decor items, fixtures and furnishings and (iii) those relating to employee apparel and dress, accounting, bookkeeping, and other business systems, procedures and operations, and any other information, know-how, techniques, materials and data imparted or made available by Juice & Java which is (I) designated as confidential, (ii) known by Operator or any Principal to be considered confidential by Juice & Java, or (iii) by its nature inherently or reasonably considered confidential.

4. TERM OF AGREEMENT: This Agreement will automatically terminate and be of no further force and effect on the date the Business has been sold, is otherwise disposed of, or is closed.

5. FEES AND PAYMENTS:

   A. INITIAL FEE

Concurrently with the signing of this Agreement, Operator agrees to pay Juice & Java a nonrecurring and nonrefundable fee in the amount of Ten Thousand Dollars ($10,000.00) and ~~Twenty Five Thousand Dollars ($25,000.00) of the date the Business shall open to the public for the first Location,~~ Twenty Five Thousand Dollars ($25,000.00) for a second location, and Twenty Thousand Dollars ($20,000.00) for each additional location. *$10,000 at lease signing*

   B. ROYALTY FEE *and $15,000 remainder at opening of business.*

Operator shall pay a Royalty Fee in the amount of One Thousand and No/100ths Dollars ($1,000.00) commencing on the first anniversary of the date the Business shall open to the public, and continuing on the same day each month during the term hereof. Payments shall be sent to Juice & Java, 20335 Biscayne Blvd. #L26, Aventura, Florida 33180 or delivered in person to the same address. Any monthly Royalty Fee payment which is not received within fifteen (15) days of the date same is due will incur a One Hundred and No/100ths Dollars ($100.00) late payment fee (one time for each late payment). In the event Operator shall fail to pay any monthly Royalty Fee payment as required hereunder within thirty (30) days of the date same is due, said failure to pay

Generated by CamScanner from intsig.com

shall constitute a material default hereunder.

## C. APPOINTMENT

Juice & Java grants to Operator the right to open and operate the Business at the Location only (such Location to be described as Store Number: 1); offering the products and services Juice & Java reasonably authorizes and approves; utilizing Juice & Java's System.  If Operator decides to open additional locations, the Initial Fee to be paid to Juice & Java for each additional location shall be as set forth above in Paragraph 5.A and the Royalty Fee to be paid to Juice & Java for each such additional location shall be as set forth above in Paragraph 5.B.

6.  RIGHTS GRANTED TO THE OPERATOR:  Operator's rights include:

> use of all Juice & Java trade names, trademarks  and logos.
> use of the brand image, design and decor of the premises developed by Juice & Java
> use of Juice & Java's secret methods
> use of Juice & Java's copyright materials
> use of recipes, specifications, processes and methods developed by Juice & Java
> rights to obtain suppliers from nominated suppliers at special prices
> rights to get upgraded menu and new recipes when developed by Juice & Java

7.  OBLIGATIONS IMPOSED UPON THE OPERATOR:  Operator's obligations include:

> to carry on the Business of Juice & Java and no other business at the Location and at any additional locations hereunder
> to sell items approved by Juice & Java
> to conduct the Business strictly in accordance with Juice & Java's methods and subject to Juice & Java's directions
> to observe certain minimum operating hours reasonably required by Juice & Java
> not to advertise without prior approval of the advertisements by Juice & Java, which shall not be unreasonably withheld or delayed
> to maintain the Location (and any additional locations hereunder) in good, clean and sanitary conditions
> to permit Juice & Java's managers to enter the premises to inspect and see if Juice & Java's standards are being maintained during normal business hours
> to purchase goods or products from Juice & Java's designated suppliers
> to train its staff in Juice & Java's methods to ensure that they are neatly and appropriately clothed, wearing Juice & Java uniforms
> to obtain confidentiality/non-compete agreements from each employee (in the form required by Juice & Java) prior to their commencing their employment services

8.  TRANSFER: As a condition to Operator selling the Location (and/or any additional locations hereunder), Operator shall be required to transfer and assign in writing all of it's rights under this agreement to the third party purchaser, and such third party purchaser must, in writing, assume its terms and agree to comply with all of Operator's obligations contained herein. The terms applicable to such assignee shall be the same as provide herein (except as subsequently amended in writing by Juice & Java and Operator).

9.  CONFIDENTIAL INFORMATION:  Neither Operator nor any Principal shall communicate, disclose or use any Confidential Information, and shall use all reasonable efforts to maintain such

information as secret and confidential. Neither Operator nor any Principal shall, without Juice & Java's prior consent, copy, duplicate, record or otherwise reproduce any Confidential Information. Confidential Information may be provided to employees, agents, consultants and contractors only to the extent necessary for such parties to provide services to Operator. Prior to such disclosure of any Confidential Information, each of such employees, agents, consultants and contractors shall (a) be advised by Operator of the confidential and proprietary nature of the Confidential Information, and (b) agree to be bound by the terms and conditions of a Confidentiality Agreement that must be signed by them.

10.   RESPONSIBILITY:   Operator assumes all cost, liability, expense, risk and responsibility for locating, obtaining and developing the Location for the Business, and for constructing, equipping and operating the Location. Juice & Java (or it's agents) does not assume any liability whatsoever for acts, errors, or omissions of those with whom Operator may contract, regardless of the purpose. Operator shall hold harmless and indemnify Juice & Java for all losses and expenses which may arise out of any acts, errors or omissions of these third parties. Operator shall not use the name Juice & Java or any part thereof, as part of its corporate name.

11.  NON COMPETE:  Operator acknowledges that the Juice & Java System is unique and distinctive and has been developed by Juice & Java at great effort, time, and expense, and that Operator has regular and continuing access to valuable and confidential information, and trade secrets regarding the System. Operator recognizes its obligations to keep confidential such information as set forth herein. Operator therefore agrees that during the term of this Agreement and Two Years (2 years) after termination, except with Juice & Java's prior written consent, Operator or any Principal shall not, in any capacity whatsoever, either directly or indirectly, individually or as a member of any business organization, engage in the production, operation or sale at retail or wholesale of any product or services similar in nature (even under a different name and menu) or have any employment or interest in any firm engaged in the production or sale of such products or services.

12.   DEFAULT:   Operator shall be in material default for any failure to comply with any of the requirements imposed by this Agreement. In the event of a default by Operator, Juice & Java will have any and all remedies under Florida law with respect thereto. Operator shall not be deemed in default hereunder during any period within which Operator has commenced to cure any such default and cures such default within a reasonable time.

13.   REPRESENTATION:   The parties hereto acknowledge that the Law office of Adam R. Schiffman, P.A. has not represented either party to this transaction and has merely prepared this Agreement at the request of both Juice & Java and Operation. Juice & Java and Operator have been advised to obtain separate independent counsel and have had ample opportunity to obtain such independent counsel, and acknowledge that the Law Office of Adam R. Schiffman, P.A. has no duty, as legal counsel, to either of them regarding this Agreement.

14. MISCELLANEOUS: This Agreement contains the entire agreement between the parties and no promise, representation, warranty or covenant not included in this Agreement has been or is relied upon by either party.  In the event that any litigation arises hereunder, it is specifically stipulated that this Agreement shall be interpreted and construed according to the laws of the State of Florida. The parties agree and acknowledge that each party has had the opportunity to retain its own counsel, that each party

has reviewed and revised this Agreement and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting parties shall not be employed in the interpretation of this Agreement or any amendment or exhibit thereto. The parties hereto hereby fix venue for any such litigation in Miami-Dade County, Florida, and the parties hereto hereby waive trial by jury in any action, proceeding or counterclaim brought by either of the parties hereto against the other on any matters whatsoever arising out of or in any way connected with this Agreement and/or any claim of injury or damage. This waiver forms an integral part of the consideration for each party entering into this Agreement and constitutes a material inducement to them. Further, the prevailing party in any litigation arising hereunder between the parties shall be entitled to recover, as a part of its judgment, reasonable attorney's fees and costs incurred (including all appellate attorney's fees and costs). This Agreement, and the terms, conditions, covenants, provisions, representations and warranties herein contained, shall inure to the benefit of, and shall be binding upon the respective heirs, executors, administrators, personal representatives, successors and assigns of the parties hereto. Wherever the context shall require, all words herein in the masculine gender shall be deemed to include the feminine gender or neuter gender, all singular words shall include the plural, and all plural shall include the singular. If any of the provisions hereof are unenforceable in whole or in part under the laws of any state where the same is sought to be enforced or as applied to any persons or circumstances, the remainder of this Agreement and the application of such provision or part thereof to other persons or circumstances shall not be affected thereby. The failure of any party at any time to insist upon strict performance of any condition, promise, agreement or understanding set forth herein, shall not be construed as a waiver or relinquishment of the right to insist upon strict performance of the same conditions, promise, Agreement or understanding at a future time. Either party hereto may, at its sole option, waive any performance by the other party required under the provisions of this Agreement by an instrument in writing. This Agreement may only be amended or modified at any time by an instrument in writing, executed by both of the parties hereto. Headings and captions contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement on the day and year first above written.


JUICE & JAVA, INC., a Florida corporation                    OPERATOR:

By:_____                    By:_____
                                                              Zinovy Vayzman
Print Name: Alexander Sverdlov

Print Title: president
Date:_____10/20/06_____                    Date:_____10/20/06_____

Exhibit "C"

LAW OFFICES

## SMOLER & ASSOCIATES, P.A.

2611 HOLLYWOOD BOULEVARD

HOLLYWOOD, FLORIDA 33020

BRUCE J. SMOLER

PATRICK PATRISSI

TELEPHONE:DADE (305) 539-0011

BROWARD: (954) 922-2811

FACSIMILE (954) 922-2841

September 30, 2013

Zinovy Vayzman

2501 S. Ocean Drive

Suite 1130

Hollywood, Florida 33019

Re:     *Termination of Operator's Agreement and Trademark Violation*
        *Our Client: Juice & Java, Inc.*

Dear Mr. Vayzman:

Please be advised that the undersigned represents Juice & Java, Inc. My client has provided me with a copy of your Operator's Agreement dated October 20, 2006 and informed me that you are in material breach of the Agreement as a result of your failure to make required payments since the date of execution. You are hereby informed that my client is the Owner of the name, "Juice & Java" (USPTO Serial No. 86009299) as used in sit-down and take-out restaurants. My client is also the owner of Design Marks, USPTO Registration Nos. 05.09.05 and 26.01.02 (the name, "Juice & Java" and the Design Marks are collectively referred to herein as the "Marks"). You are currently using the Marks in the operation of your restaurant and had the right to use them arising solely out of the Operator's Agreement.

You are hereby notified that the Operator's Agreement is terminated and all rights, privileges and authority to use the Marks which are the property of my client are revoked. This letter constitutes formal notice that your use of the Marks is hereafter an infringement of my client's rights under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a). Your continued use of the Marks will be deemed an infringement which is intentional and deliberate and an attempt by you to copy my client's business by using its name and Marks. My client hereby demands that you immediately undertake the following:

1. Cease and desist operating any restaurant and/or store using the words, "Juice & Java" and the Juice & Java colors, logos and other such items which use or reference the Marks.

2. Cease and desist any and all violations of the Lanham Act and trademark laws; and

Zinovy Vayzman
September 30, 2013
Page Two
_____

    3. Remove and destroy all items connected with your restaurant which use the word, "Juice & Java" and its associated Marks and logo in any manner whatsoever, including but not limited to, signs, menus, advertising, promotional material, brand image, design, decor, letterhead, and other similar materials.

    If you fail to comply with this demand, I will proceed with my client's instructions to seek relief in court for an injunction and damages. Judicial relief includes, but is not limited to: destruction of the infringing articles under 15 U.S.C. 1118, treble damages, collection of your profits which you realized using the Marks, any damages sustained by my client, court costs and attorneys' fees under 15 U.S.C. 1117; injunction under 15 U.S.C. 1116; injunction and damages under the copyright laws. My client reserves all rights it may have, and neither waives nor abandons its right by sending you this demand letter prior to filing a lawsuit.

    Please direct all communication to the undersigned and confirm that you will comply with this letter within seven (7) days of its receipt.

Sincerely yours,

Bruce J. Smoler

LAW OFFICES
## SMOLER & ASSOCIATES, P.A.
2611 HOLLYWOOD BOULEVARD
HOLLYWOOD, FLORIDA 33020

BRUCE J. SMOLER
PATRICK PATRISSI

_____

TELEPHONE:DADE (305) 539-0011
BROWARD: (954) 922-2811
FACSIMILE (954) 922-2841

October 9, 2013

Current Owner
Juice & Java
21316 St. Andrews Boulevard
Boca Raton, Florida 33433

Re:     **_Termination of Operator's Agreement and Trademark Violation_**
        **_Our Client: Juice & Java, Inc._**

Dear Sir:

Please be advised that the undersigned represents Juice & Java, Inc.  Please be advised that the Operator's Agreement dated October 20, 2006 has been terminated as a result of a failure to make significant required payments thereunder.  You are hereby informed that my client is the Owner of the name, "Juice & Java" (USPTO Serial No. 86009299) as used in sit-down and take-out restaurants. My client is also the owner of Design Marks, USPTO Registration Nos. 05.09.05 and 26.01.02 (the name, "Juice & Java" and the Design Marks are collectively referred to herein as the "Marks").

You are hereby notified that all rights, privileges and authority to use the Marks which are the property of my client are revoked.  This letter constitutes formal notice that your use of the Marks is hereafter an infringement of my client's rights under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).  Your continued use of the Marks will be deemed an infringement which is intentional and deliberate and an attempt by you to copy my client's business by using its name and Marks.  My client hereby demands that you immediately undertake the following:

1. Cease and desist operating any restaurant and/or store using the words, "Juice & Java" and the Juice & Java colors, logos and other such items which use or reference the Marks.

2. Cease and desist any and all violations of the Lanham Act and trademark laws; and

Current Owner
Juice & Java
October 9, 2013
Page Two

_____

3. Remove and destroy all items connected with your restaurant which use the word, "Juice & Java" and its associated Marks and logo in any manner whatsoever, including but not limited to, signs, menus, advertising, promotional material, brand image, design, decor, letterhead, and other similar materials.

If you fail to comply with this demand, I will proceed with my client's instructions to seek relief in Federal Court for an injunction and damages. Judicial relief includes, but is not limited to: destruction of the infringing articles under 15 U.S.C. 1118, treble damages, collection of your profits which you realized using the Marks, any damages sustained by my client, court costs and attorneys' fees under 15 U.S.C. 1117; injunction under 15 U.S.C. 1116; injunction and damages under the copyright laws. My client reserves all rights it may have, and neither waives nor abandons its right by sending you this demand letter prior to filing a lawsuit.

Please direct all communication to the undersigned and confirm that you will comply with this letter within seven (7) days of its receipt.

Sincerely yours,

Bruce J. Smoler