UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JUICE & JAVA, INC.,                                   CASE NO. 1:14 cv 22078 - JAL

    Plaintiff,

v.

ZINOVY VAYZMAN and JUICE & JAVA
BOCA, LLC,

    Defendants.
_____/

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JUICE & JAVA BOCA, LLC'S MOTION TO DISMISS

Plaintiff, Juice & Java, Inc., through undersigned counsel, submits the following Memorandum of Law in Opposition to Defendant JUICE & JAVA BOCA, LLC's ("Defendant") Motion to Dismiss (Doc. 23).

### I.    Procedural Background

Plaintiff filed its initial Complaint on June 5, 2014. In response to a Motion to Dismiss the Complaint (Doc. 15) filed by Defendant on August 11, 2014, Plaintiff sought leave and was granted leave to file an Amended Complaint. On September 5, 2014, Plaintiff filed its Amended Complaint (Doc. 19). The Amended Complaint cured all defects set forth in Defendant's Motion to Dismiss.

On October 19, 2014, Defendant filed the instant Motion to Dismiss raising for the first time, a new basis for dismissal, but one that existed at the time it filed its original motion to dismiss.

### II.    Standard for Review

Rule 12(g)(2) of the Federal Rules of Civil Procedure provides:

> Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Moreover, "[A]n amendment to the pleadings permits the responding pleader to assert only such of those defenses, which may be presented in a motion under Rule 12 as were available at the time of his response

to the initial pleading. An unasserted defense available at the time of response to an initial pleading may not be asserted when the initial pleading is amended." Rowley v. McMillan, 502 F. 2d 326, 1332-33 (4th Cir. 1974); Maryland Casualty Co. v. Shreejee Ni Pedhi's Inc., 2013 WL 460311 (M.D. Fla.).

In addition, in ruling on a motion to dismiss, the Court must view the Complaint in the light most favorable to the Plaintiff and must limit its consideration to the pleadings and an exhibits attached thereto. Jackson v. Okaloosa County, Fla., 21 F. 3d 1531, 1534 (11th Cir. 1994); GSW, Inc. v. Long County, GA, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

When viewed against this standard, Defendant's Motion to Dismiss should be summarily denied.

### III. Argument

#### a. Defendant's "New" Argument for Dismissal of the Amended Complaint Existed at the Time it Filed its Initial Motion to Dismiss the Complaint.

The "new" (and only) grounds upon which Defendant seeks dismissal is the disclaimer provision contained in the U.S. Trademark Registration Number 3,491,284 (the "284 Registration") which is attached to the Amended Complaint as Exhibit "A" and was attached to the initial Complaint as Exhibit A. Said grounds clearly existed at the time Defendant filed its initial Motion to Dismiss the Complaint but choose not to include same in its Motion (Doc. 15). To argue otherwise would be disingenuous.

Accordingly, Defendant's Motion to Dismiss should categorically be denied.

#### b. The Disclaimer Provision does not Defeat Plaintiff's Amended Complaint.

Assuming this Court decides to address Defendant's Motion on its merits, Defendant's argument that the disclaimer provision bars Plaintiff's Amended Complaint is erroneous.

Defendant contends that Plaintiff has disclaimed all rights to the terms "Juice" and "Java" as reflected in the "284 Registration." While this contention is correct, a review of Plaintiff's Amended

Complaint reflects that it is not trying to enforce the terms "Juice" and "Java" but rather the First Mark as reflected in the 284 Registration.

The First Mark, upon which Plaintiff bases its claim for trademark infringement, is clearly set forth on page 4 of Exhibit "A" to Plaintiff's Amended Complaint, to wit:

> "The applicant claims color as a feature of the mark, namely green and maroon is/are claimed as a feature of the mark. The mark consists of the words "Juice & Java" in maroon superimposed over a green apple."

The actual mark is reflected on page 3 of Exhibit "A " to the Amended Complaint. Obviously, Plaintiff's relief is limited to the First Mark as indicated in the 284 Registration. To the extent it may allege more relief then it is actually entitled to, that would be a defense to the Amended Complaint, nor a basis for dismissal.

Defendant does not contend, nor can it contend, that Plaintiff has not plead a cause of action upon which relief can be granted. Rather, its contention is that Plaintiff may be seeking more relief than it is actually entitled to pursuant to its First Mark. This is not a basis for the dismissal of the Amended Complaint.

### IV.   Conclusion

In view of the foregoing, it is requested that Defendant Juice & Java Boca, LLC's Motion to Dismiss be denied.

Respectfully submitted,

SMOLER & ASSOCIATES, P.A.
Attorneys for Plaintiff
2611 Hollywood Boulevard
Hollywood, FL 33020
Telephone: (954) 922-2811

By: _____
Patrick Patrissi, Esquire
Florida Bar No. 302996
E-mail: patrick@lwlawfla.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2014, the foregoing was filed with the Court's CM/ECF Service, which will provide electronic notice to the following counsel of record:

Brandon M. Thompson, Esq.
Levine Kellogg Lehman Schneider & Grossman, LLP
201 S. Biscayne Boulevard, 22nd Floor
Miami, Florida 33133
E-mail: bmt@lklsg.com